UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 10-50053 |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| NORMAN FRANK QUIVER, | ) | CORRECT SENTENCE |
| a/k/a CECIL BULLMAN, | ) | [DOCKET NO. 37] |
| a/k/a "FATS", | ) | |
| Defendant. | ) | |

## INTRODUCTION

Pending before the court is defendant Norman Frank Quiver's motion to correct his sentence pursuant to Fed. R. Crim. P. 35. For the foregoing reasons, the court denies the motion.

## FACTS

Mr. Quiver was originally charged by indictment with assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. The charge stemmed from Mr. Quiver's beating of his girlfriend, Linda Lorraine Doyle, on February 20, 2010. Mr. Quiver's beating resulted in Ms. Doyle receiving a broken nose, a broken arm, and a black eye, among other injuries. At the time of the assault, Mr. Quiver and Ms. Doyle had one child together, an infant. By the time or shortly thereafter that federal charges were asserted

against Mr. Quiver, Ms. Doyle discovered that she was pregnant again with Mr. Quiver's child. She reported that she and Mr. Quiver had reconciled.

Mr. Quiver was detained on the charges contained in the indictment from the time of his arrest on May 20, 2010. That detention continued throughout the pretrial phase of his case up to his sentencing on October 15, 2010.

Pursuant to a written plea agreement, Mr. Quiver pleaded guilty to two petty offense charges of assaulting by striking, beating or wounding and simple assault, in violation of 18 U.S.C. §§ 113(a)(4) and (5) and 1153. The maximum term of incarceration for either charge was six months. The plea agreement contained a written, nonbinding, recommendation for sentencing whereby both parties agreed that Mr. Quiver should receive two six-month sentences of imprisonment to run consecutively, resulting in a total imprisonment of one year.

On October 15, 2010, this court sentenced Mr. Quiver to six months incarceration on count one of the information, and to two years probation on the second count of the information. The court recommended, but did not require, that the Bureau of Prisons not give Mr. Quiver credit for the time he served while in pre-trial detention–a period of approximately five months. Mr. Quiver's counsel took issue with the court's recommendation in this regard at the sentencing hearing. He now moves the court to correct its judgment of conviction to remove the recommendation.

**DISCUSSION**

Mr. Quiver relies in his motion on two legal authorities: 18 U.S.C. § 3585(b) and United States v. Beston, 936 F.2d 361 (8th Cir. 1991). Neither are availing.

Section 3585(b) provides that a defendant "shall" receive credit for pre-trial detention on the charges on which he was sentenced, under certain specified circumstances. On the surface, this would seem to favor Mr. Quiver's argument. However, in a decision that has been of record for nearly two decades, the United States Supreme Court has interpreted § 3585(b) to deprive district courts of the authority to award credit for time served. United States v. Wilson, 503 U.S. 329, 334-35 (1992).

From 1966 until 1987, the federal statutes were clear that the Attorney General, through the Bureau of Prisons, had the sole authority and responsibility to award credit for time served. Id. at 331-32. Then, in 1987, Congress passed the Sentencing Reform Act, which contained the current version of § 3585(b).¹ Id. at 332. Notably, the new statute, unlike the old statute, does not specifically mention the Attorney General as the party who has the sole authority to award credit for time served. Id. As the Wilson Court noted, this created a split of authority among the circuits as to whether district

---

¹The Sentencing Reform Act was actually passed in 1984, but did not become effective until 1987. See Wilson, 503 U.S. at 332.

courts were now empowered to determine and award credit for time served. Id. at 332-33.

It was during this interim period prior to the Wilson decision, that the Eighth Circuit decided United States v. Beston, 936 F.2d 361 (8th Cir. 1991), holding that the new § 3585(b) gave concurrent authority to both district courts and the Attorney General to award credit for time served. The Beston decision was overruled in this regard by the Wilson decision. As the Wilson Court unequivocally stated, "we conclude that § 3585(b) does not authorize a district court to compute the credit [for time served] at sentencing." Wilson, 503 U.S. at 334.

The Eighth Circuit, as it is bound to do, has adopted the Wilson holding and applied it thereafter. In United States v. Pardue, 363 F.3d 695 (8th Cir. 2004), the defendant Pardue argued that the district court had erred in failing to accredit him with time served under 18 U.S.C. § 3585(b). Id. at 699. The Eighth Circuit refused to entertain this argument, noting that the determination of credit for time served under § 3585(b) is a matter vested exclusively in the Bureau of Prisons. Id. "A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.' " Id. (quoting Wilson, 503 U.S. at 333). See also United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008) (holding that only the Bureau of Prisons has the authority to determine when a federal

4

sentence commences under § 3585(b)); United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("the Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence," making any miscalculation on the sentencing court's part "irrelevant").

It is beyond this court's understanding as to why Mr. Quiver's counsel would have cited an overruled decision of the Eighth Circuit nor why counsel would have failed to acknowledge the Wilson decision and the Eighth Circuit cases decided in the wake of Wilson. That being said, Mr. Quiver is probably correct in his assertion that credit for time served is not discretionary under § 3585(b). The crucial issue, of course, is who gets to determine the amount of credit to be given. The answer to that question is clearly the Bureau of Prisons, and not this court.

The court's judgment does not suppose to dictate to the Bureau of Prisons how to apply § 3585(b). It merely contains a recommendation. To that end, the judgment is not legally in error and will not be corrected. The court notes that the reasons for the court's sentence were fully explained at the sentencing hearing in this case. Furthermore, the sentence imposed is *less than* the term of imprisonment agreed to by Mr. Quiver as part of his plea agreement. If the court imposed the recommended sentence contained in the plea agreement, Mr. Quiver would have received a sentence of 12 months,

presumably with credit for the five months already served, resulting in 7 additional months to be served post-sentencing.

Under the sentence actually imposed by this court, even if the BOP adopted this court's recommendation to give Mr. Quiver no credit for time served, Mr. Quiver would serve only six months, not the seven for which he bargained. The matter of credit for time served is, as the court stated at sentencing, wholly the determination of the BOP. If Mr. Quiver is unhappy with the BOP's application of § 3585(b), he may file a petition for relief under 28 U.S.C. § 2241. Tindall, 455 F.3d at 888 (federal prisoner may petition under 28 U.S.C. § 2241 after exhausting administrative remedies within the BOP if he objects to the BOP's calculation of credits to his sentence).

**CONCLUSION**

Norman Frank Quiver's motion to correct his sentence [Docket No. 37] is denied.

Dated October 19, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE